UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY T. ROBERTSON,           :
                                :
    Plaintiff,                  :   CIVIL NO. 3:CV-07-1731
                                :
    v.                          :   (Judge Caputo)
                                :
JOSEPH J. PIAZZA, *et al.*,     :
                                :
    Defendants.                 :

## MEMORANDUM

### INTRODUCTION

    Plaintiff Anthony T. Robertson, currently an inmate at the Laurel Highlands State Correctional Institution ("SCI-Laurel Highlands") in Somerset, Pennsylvania[1], commenced this action *pro se* by filing a Complaint pursuant to the provisions of 28 U.S.C. § 1983. The Complaint is accompanied by an application to proceed *in forma pauperis*. For the following reasons, the Motion to proceed *in forma pauperis* will be granted for the purpose of filing this action only, and the Complaint will be dismissed as frivolous under 28 U.S.C. §1915(e)(2)(B)(i).

    Named as Defendants are the following employees of SCI-Coal Township: Joseph Piazza, Superintendent; Kathryn McCarty, Health Care Administrator; and Kardis Dascani, Grievance Coordinator.[2]

---

1. At the time he initiated this action, Plaintiff was incarcerated at the Coal Township State Correctional Institution ("SCI-Coal Township"). One of his requests for relief was to be transferred to SCI-Laurel Highlands. (Doc. 1 at 3).

2. Plaintiff explains that he inserted "*et al.*" after listing these Defendants because he has pending grievances against corrections officers. (Doc. 1 at 4). Because additional Defendants are not specifically named and no allegations are made as to any individuals

In his Complaint, Plaintiff makes the following allegations:

On April 13, 2007, Plaintiff tore his pectoral muscle while using the gym at SCI-Coal Township. (Doc. 1 at 2, ¶ 1). He was examined by Dr. Rodney Companion on April 15, 2007 "who told me that I had strained a muscle." (*Id.*) On May 21, 2007, he submitted a grievance to Defendant Dascani stating that his injury was more than a strain and that he might need surgery to repair the injury. (*Id.* at 2, 5). Plaintiff does not state how he found out that he needed surgery. On May 30, 2007, Defendant Dascani denied his grievance on the basis that Plaintiff was "receiving proper medical treatment at this time." (*Id.*). Plaintiff then filed a grievance with Defendant Piazza, who, on June 12, 2007, also denied the grievance on the basis that Plaintiff was "receiving proper medical attention at this time." (*Id.*).

On July 17, 2007, Plaintiff wrote to Defendant McCarty stating that he wished to speak to her concerning Dr. Companion's negligence in failing to diagnose his torn pectoral muscle. (Doc. 1 at 2, 6). Specifically, he referred to Dr. Companion's failure to order x-rays and to inform Plaintiff that he would need surgery. (*Id.* at 6). He claimed that, because of the passage of time between the injury and proper diagnosis, he would have chronic scar tissue for the rest of his life. (*Id.*). In her response, dated July 25, 2007, Defendant McCarty noted that Plaintiff was scheduled for surgery, and thus time was not an issue at that point. (*Id.*). Plaintiff had surgery to repair his pectoral muscle on August 15, 2007. (Doc. 1 at 5).

---

other than the ones named in the Complaint, Defendants Piazza, McCarty, and Dascani are the only Defendants in this action.

Plaintiff seeks damages in the amount of one million dollars; a transfer to SCI-Laurel Highlands for physical therapy; and the prevention of any future harassment. (Doc. 1 at 3).

**DISCUSSION**

Where, as here, an inmate seeks leave to proceed without prepayment of fees and costs, Congress has provided that "the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). When considering a complaint accompanied by a motion to proceed *in forma pauperis*, a district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ...." *Roman v. Jeffes*, 904 F.2d 192, 194 (3d Cir. 1990) (quoting *Sultenfuss v. Snow*, 894 F.2d 1277, 1278 (11th Cir. 1990)). It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Application of these precepts compels dismissal of this action.

In order to prevail on a claim made under § 1983, a plaintiff must satisfy two criteria: (1) that some person has deprived him or her of a federal right, and (2) that the person who caused the deprivation acted under color of state or territorial law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

In order to establish a claim under § 1983 based on the Eighth Amendment, a plaintiff must show "a prison official's 'deliberate indifference' to a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 827 (1994) (citing *Helling v. McKinney,* 509 U.S. 25 (1993); *Wilson v. Seiter*, 501 U.S. 294 (1991); *Estelle v. Gamble*, 429 U.S. 97 (1976)). An inadequate medical care claim, as is presented here, requires allegations that the prison official acted with "deliberate indifference to serious medical needs" of the plaintiff, while a prisoner. *Estelle*, 429 U.S. at 104; *Natale v. Camden Cty. Correctional Facility*, 318 F.3d 575, 582 (3d Cir. 2003). The official must know of and disregard an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* This standard "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients. Courts will "disavow any attempt to second guess the propriety or adequacy of a particular course of treatment ... which remains a question of sound professional judgment.'" *Little v. Lycoming County*, 912 F. Supp. 809, 815 (M.D. Pa.) *aff'd*, 101 F.3d 691 (3d Cir.1996) (citing *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979), quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)).

Moreover, a complaint that a physician or medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment ..." *Estelle*, 429 U.S. at 106. More than a decade ago, the Third Circuit ruled that "while the distinction between deliberate indifference and malpractice may be subtle, it is well established that as long as a physician exercises professional judgment, his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990). "A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice." *Estelle*, 429 U.S. at 107.

Where an inmate is provided with medical care and the dispute is over the adequacy of that care, an Eighth Amendment claim does not exist. *White v. Napoleon*, 897 F.2d 103, 108-10 (3d Cir. 1990). A mere difference of opinion between the inmate and the prison's medical staff regarding the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment. *See McFadden v. Lehman*, 968 F. Supp. 1001 (M.D. Pa. 1997); *Young v. Quinlan*, 960 F.2d 351, 358 n. 18 (3d Cir. 1992). Additionally, a non-physician defendant cannot be considered deliberately indifferent for failing to respond to an inmate's medical complaints when the inmate is already receiving treatment from the prison's medical staff. *See Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). The key question is whether the defendant has provided the plaintiff with *some* type of treatment, regardless of whether it is what the plaintiff desires. *Farmer v. Carlson*, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988).

Assuming without reaching the issue of whether Plaintiff's injury is serious in the constitutional sense, the allegations in the complaint clearly illustrate that Plaintiff has received medical attention.  Plaintiff admits that he was examined by various doctors and that he in fact underwent surgery to repair his torn pectoral muscle on August 15, 2007. (Doc. 1 at 5).  The allegations in Plaintiff's complaint amount to nothing more than Plaintiff's subjective disagreement with the amount of time that he had to wait between his diagnosis and surgery.  To the extent that Plaintiff was receiving medical treatment from the prison's medical staff when he submitted grievances to Defendants, they cannot be considered deliberately indifferent.  *See Durmer*, 991 F.2d at 69.  Plaintiff's civil rights complaint fails to articulate an arguable claim under § 1983.  *See White*, 897 F.2d at 108-10.  Because Plaintiff's Complaint is "based on an indisputably meritless legal theory" (that Defendants' violated his Eighth Amendment rights), it will be dismissed without prejudice as legally frivolous.  *Wilson*, 878 F.2d at 774.

Under the circumstances, the Court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that §1915 is designed to protect.  *Roman*, 904 F.2d at 195 n.3.

November 30, 2007                               s/ A. Richard Caputo
                                                A. RICHARD CAPUTO
                                                United States District Judge

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY T. ROBERTSON, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-07-1731 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| JOSEPH J. PIAZZA, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 30th day of November, 2007, **IT IS HEREBY ORDERED THAT:**

1.  The motion to proceed *in forma pauperis* is construed as a motion to proceed without full prepayment of fees and costs and the motion is **GRANTED.**

2.  Plaintiff's Complaint (Doc. 1) is dismissed, without prejudice, as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).³

3.  Plaintiff's Motion to Appoint Counsel (Doc. 7) is **DENIED** as moot.

4.  The Clerk of Court is directed to **CLOSE** this case.

5.  Any appeal from this Order will be deemed frivolous, not taken in good faith, and lacking probable cause.

s/A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge

---

3.  The dismissal of this action does not relieve Plaintiff of his obligation to pay the full filing fee. Until the filing fee is paid in full, the Administrative Order issued on September 24, 2007 is binding on the warden of SCI-Laurel Highlands, as well as the warden or superintendent of any correctional facility to which plaintiff is transferred.